IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANDREW SWINTON, | ) | |
| | ) | C/A No. 4:05-2826-GRA-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JON OZMINT, DIRECTOR OF THE | ) | |
| S.C. DEPT. OF CORRECTIONS; and | ) | |
| HENRY MCMASTER, ATTORNEY | ) | |
| GENERAL FOR SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Andrew T. Swinton ("Petitioner/Swinton"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 30, 2005. Respondents filed a motion for summary judgment on December 29, 2005, along with a return and supporting memorandum. The undersigned issued an order filed January 3, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion for summary judgment on January 20, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondents.

The Petitioner, Andrew Swinton is presently confined in the Walden Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Horry County. The Petitioner was indicted at the April 1998, term of the Court of General Sessions for Horry County for Armed Robbery and Criminal Conspiracy. He was also indicted for distribution of crack and distribution of crack within the proximity of a school. (4 indictments). See Supplemental Appendix , p. 1-8. He was represented by William Monckton, Esquire. On February 8, 1999, he pled guilty to the above charges for a negotiated sentence of 15 years. App.p. 1-15. He was sentenced by the Honorable Sidney T. Floyd to confinement for a period of fifteen (15) years concurrent on each charge, except criminal conspiracy for which he was sentenced to 5 years concurrent. He did not appeal his conviction or sentence.

He filed an Application for Post-Conviction Relief on September 23, 1999. App.p. 16. The Respondent made its Return on January 31, 2000. An evidentiary hearing into the matter was convened on June 21, 2002, at the Georgetown County Courthouse before the Honorable Paula Thomas, Presiding Judge. The Applicant was present at the hearing and was represented by Randall K. Mullins, Esquire. The Respondent was represented by Edgar R. Donald, Jr., of the South Carolina Attorney General's Office. At the hearing, the Applicant testified on his own behalf. Testifying on behalf of the State was William Monckton, Esquire. The PCR Court also had before it a copy of the transcript of the proceedings against the Applicant, the records of the Horry County Clerk of Court

and the Applicant's records from the South Carolina Department of Corrections. Judge Thomas orally denied relief on the ineffective assistance claim on at the hearing, but reserved the ineffective assistance on appeal matter. App.p. 72-75. On November 21, 2002, Judge Thomas entered a written order denying relief.

The Petitioner appealed to the South Carolina Supreme Court. On August 12, 2003, counsel made a *Johnson* Petition for Writ of Certiorari raising as the sole arguable ground : "[W]hether petitioner pleaded guilty knowingly and intelligently when counsel did not explain to him the lesser offense of strong armed robbery?" Petitioner asserts in his response that he also submitted a *Pro se* Petition/ response to the Johnson Petition. On March 11, 2004, the South Carolina Supreme Court rejected the *Johnson* petition and directed the following issue be addressed: "Was petitioner's rejection of the plea to strong arm robbery a result of ineffective assistance of counsel?" The Petitioner, through counsel, made a new Petition on July 12, 2004. The Respondents made a Return on August 9, 2004. On November 17, 2004, the South Carolina Supreme Court entered an Order by letter that certiorari was denied. The remittitur was sent to the lower court on December 3, 2004.

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

> GROUND ONE:    Petitioner asserts that trial counsel was ineffective for not perfecting the appeal which was requested by the Petitioner after sentencing.
>
> FACTS:    The Petitioner asserts that his trial counsel was ineffective for not appealing the armed robbery

>           conviction as requested by the Petitioner, since he was mislead concerning the sentencing phase and the consequences of "armed robbery" and "strong armed robbery". Immediately after the verdict surrounding the guilty plea, the Petitioner called his trial counsel and requested his trial counsel to file an appeal concerning the armed robbery charge. The Petitioner's trial counsel asked the Petitioner on what grounds would the appeal be based on? The Petitioner stated to his trial counsel that he (Petitioner) felt that he wasn't represented properly during the guilty plea hearing. The Petitioner was further told by his trial counsel that he would not file the requested appeal for the Petitioner, but would refer the Petitioner to an attorney who would perfect the requested appeal. . .

> GROUND TWO:   Petitioner's guilty plea was unknowing and unintelligently entered because of the ineffective assistance of counsel Petitioner received.

> FACTS:   Petitioner asserts his trial counsel was ineffective for not explaining the greater offense (armed robbery) and the lesser offense (strong armed robbery). Petitioner contends his trial counsel never explained the "penalty phase" and the "consequences" of the plea. Petitioner further asserts had his trial counsel explained that "Strong armed robbery" was a nonviolent, parolable offense that carries a sentence of zero to fifteen years; and "armed robbery" was a violent, nonparolable offense that carried a minimum of ten years and a maximum of thirty years, he would have accepted the favorable plea of "strong armed robbery," which was afforded to him by the state. Petitioner asserts, due to his trial counsel's deficient performance, his plea was rendered unknowingly as well as unintelligently. . . .

(Petition).

### III.  SUMMARY JUDGMENT

On December 29, 2005, the Respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response in opposition to the motion.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

5

fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Swinton filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams

6

v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondents assert that the Petitioner's claims must be dismissed as untimely. Specifically, Respondents assert that the Petitioner's federal habeas petition should be dismissed as a late petition under 28 U.S.C. § 2244(d), one year statute of limitations for habeas actions. Respondents argue as follows, quoted verbatim:

> The petition became final after the thirty days had run from his February 8, 1999 guilty plea. (March 10, 1999). He filed his state PCR action on September 23, 1999. [197 days after March 10]. The matter was pending in state PCR proceedings until the remittitur was entered in the appeal on December 3, 2004. The Petitioner had 168 days remaining of non-tolled time to file his petition or until May 20, 2005. [365-197=168]. The federal habeas petition was dated September 28,  2005. This was 299 days after the entry of the remittitur well beyond the statutory period if we assume that the period began to run when the remittitur was entered. Cf. In re Goddard, 170 F.3d 435 (4 Cir 1999). If we assume that the matter began to run on March 10, 1999, subject to the tolling provisions while the PCR was pending, 496 days expended . Under either theory, his federal habeas corpus petition is untimely. It must be dismissed.

(Doc. # 5, p. 4-5).

Petitioner argues in his response that his petition is not time barred. Petitioner argues as

7

follows:

> . . . To support Petitioner's argument that his petition for Writ of Habeas Corpus is timely, Petitioner submits that after his research of Section 2244(d), he discovered that the phrase used in this statute:
> > "The date on which the Judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> closely parallels the test the Supreme Court uses in applying its "<u>Teague</u>" doctrine to determine the point at which a prisoner's conviction "becomes final" such that any later developed rules of constitutional law will not be applied retroactively in adjudicating a prisoner's Federal Habeas Corpus petition. . . (<u>See</u> doc. # 9, p. 5).

(Response, Doc. # 9).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

Petitioner did not file a notice of direct appeal within ten (10) days from the date he entered his guilty plea. He entered the guilty plea on February 8, 1999, so his judgment became final on February 18, 1999, since he did not file a notice of direct appeal within ten (10) days. Petitioner filed a PCR application on September 23, 1999, which suspended the running of the one-year limitation period. 28 U.S.C. §2244(d)(2). Thus, approximately Two Hundred Seventeen (217) days were exhausted from the February 8, 1999, plea. On November 21, 2002, the Honorable Paula Thomas signed an Order of Dismissal denying relief. Petitioner appealed to the South Carolina Supreme Court. On November 17, 2004, the South Carolina Supreme Court entered an Order by letter that certiorari was denied. The remittitur was sent to the lower court on December 3, 2004. Petitioner filed his habeas petition on September 30, 2005. Therefore, approximately Two Hundred Ninety-nine (299) days were exhausted from the time the remittitur was issued and the time Petitioner filed his habeas petition. If this time period is aggregated to the already exhausted time period of 217 days, the habeas petition was filed outside of the statute of limitations by approximately ( 299 + 217=516

and 516-365=151) 151 days.[3]

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Based on the above reasons, the undersigned finds that the Respondents' motion for summary judgment should be granted as the Petitioner's habeas corpus petition is barred by the statute of limitations.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

---

[3] Even if the date of March 10, 1999, is used as asserted in respondents' memorandum, the Petitioner would still be barred by (197 + 299= 496; 496-365= 131) approximately 138 days.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. See Pace, supra; Rouse,

supra. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondents' motion for summary judgment (doc. #6) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 23, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & 
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk  
United States District Court  
Post Office Box 2317  
Florence, South Carolina 29503
