UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Andrew Swinton,<br><br>                    Petitioner,<br><br>    v.<br><br>Jon Ozmint, Director of the S.C. Dept. of Corrections; and Henry McMaster, Attorney General for South Carolina,<br><br>                    Respondents. | C/A No. 4:05-2826-GRA-TER<br><br><u>ORDER</u><br>(Written Opinion) |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on March 23, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on September 30, 2005. Respondents filed a motion for summary judgment on December 29, 2005. On January 3, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner responded on January 20, 2006. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition as untimely.

      Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner filed objections to the Report and Recommendation on April 5, 2006.

The magistrate recommends granting Respondents' motion for summary judgment on the ground that Petitioner filed this action outside the one-year period of limitations proscribed by Section 2254. *See* 28 U.S.C. § 2244(d)(1). Petitioner appears to make two objections to the magistrate's recommendation. Petitioner first objects on the basis that the magistrate failed to address Petitioner's grounds for

relief on the merits. Because the magistrate properly found that this petition is time barred, the Court finds the magistrate had no need to address Petitioner's claims on the merits. Therefore, this objection is without merit.

In Petitioner's second and final objection, Petitioner apparently argues that the one-year statute of limitations period applicable to a Section 2254 petition should not have begun to run until his application for post-conviction relief was returned from the South Carolina Supreme Court. In support thereof, Petitioner cites to several cases that he argues "asserts that this statute provides in no uncertain terms that the one-year period within which a Federal Habeas Petitioner must be filed begins at 'the conclusion of direct review' of the judgment or conviction." Petitioner is correct in this statement but misguided as to application of the law to him. As Petitioner correctly notes, the one-year statute of limitations period began to run from "the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review." 28 U.S.C. § 2254(d)(1)(A) (emphasis added). However, Petitioner did not seek *direct* review; he did not file a notice of direct appeal within 10 days from the date he entered his guilty plea. He entered his guilty plea on February 8, 1999, so his judgment became final and the limitations period began to run on February 18, 1999 or at the latest, March 10, 1999. The fact that Petitioner later filed an application for post-conviction relief only tolled the one-year statute of limitations period, it did not start the clock over. 28 U.S.C. § 2244(d)(2) ("The timing during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Therefore, Petitioner's objection is without merit.

After a review of the magistrate's Report and Recommendation and considering Petitioner's objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April   7  , 2006.

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.